IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MUHAMMAD ASHRAF,                                     Case No. 3:24-cv-02166-JR

       Plaintiff,

                                             FINDINGS AND
   v.                                               RECOMMENDATION

PROVIDENCE NEWBERG MEDICAL
CENTER,

       Defendant.

_____

RUSSO, Magistrate Judge:

     Defendant Providence Newberg Medical Center moves to dismiss pro se plaintiff

Muhammad Ashraf's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below,

defendant's motion is granted.

Page 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

In October 2022, plaintiff began working for defendant as a medical sonographer. Am. Compl. pg. 5 (doc. 3). During this time, he was also "teaching at [and being compensated by] concord career institute." *Id.*

Plaintiff alleges that his senior manager, "Rose, being [B]ritish," disliked him "because [he is] from Pakistan," and preferred another male sonographer, "Aaron." *Id.* As a result, plaintiff "was never given due share of downtime, breaks, overtime, and on call work hours." *Id.* Additionally, plaintiff alleges that "Siri Dixon at concord . . . was an [I]ndian and never like [him] because of [his] national origin." *Id.*

At some unspecified time, a Concord Career Institute student named Hazmik began doing clinical rotations with defendant, at which point Rose and Aaron "made a plan to get rid of [plaintiff]" and hire Hazmik. *Id.* "Aaron started teaching her and a couple of complaints were engineered against [plaintiff]." *Id.* In particular, Hazmik and an unnamed employee (on behalf of a patient) made complaints against plaintiff that "target[ed] [his] gender." *Id.* "At the same time [an unnamed] cardiologist . . . suddenly realized after 18 months that [plaintiff was] not trained enough to work" as a medical sonographer. *Id.* Plaintiff thereafter "reported to HR." *Id.*

Separately, Dixon "engineered a situation at concord to make [plaintiff] quit [his] Providence job for Hazmik" by "provid[ing] a six month old incident investigated at Concord" to defendant. *Id.* As part of that incident or in addition thereto, plaintiff "was blamed of HIPPA violation[s] while teaching students," even though he did "obtain patient consent." *Id.*

Plaintiff was ultimately terminated from his employment with defendant. *Id.* In "May or June 2024," plaintiff "filed a complaint at EEOC against [his] termination, which triggered

retaliation and [the] incident used to terminate [his] employment was reported to Oregon board of medical imaging." *Id.* at pgs. 5-6. Plaintiff concludes:

> [M]y national origin is [the] primary reason for my termination, but I have reasons to believe that my rel[i]gion, race, gender, and age were also contributing factors. It is true I had all these when hired but . . . there was an acute shortage of professionals with expertise in my profession. I was fired when they found an alternative. There were occasions when some female patients, including employees of our medical center, were sent to other locations as they were not comfortable being scanned [b]y a male sonographer. Some employees and patients were not comfortable with my name and rel[i]gion.

*Id.*

In December 2024, plaintiff initiated this lawsuit. He filed an amended complaint in January 2025, alleging discrimination and retaliation based on age, race, gender, religion, and national origin in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act ("Title VII"). *Id.* at pgs. 3-4.

## STANDARDS

Where the plaintiff "fails to state a claim upon which relief can be granted," an action must be dismissed. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the pro se litigant regarding deficiencies in the complaint and grants leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, a pro se plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008).

## DISCUSSION

Defendant argues that dismissal is warranted because plaintiff "pleads no non-conclusory facts to state a viable claim for discrimination or retaliation against Providence on any basis." Def.'s Mot. Dismiss 2 (doc. 17). Specifically, defendant asserts that the complaint neglects to plead facts demonstrating discriminatory intent, causation, and that plaintiff "performed his job adequately" and "similarly situated individuals outside his protected class were treated differently." *Id.* at 5-9.

Initially, plaintiff cannot introduce new facts via his briefing and instead must include any relevant facts in the complaint itself (or as an attachment or exhibit thereto). *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (when reviewing the sufficiency of pleadings, "a court may not look beyond the complaint to a plaintiff's moving papers"). Further, plaintiff's opposition is silent as to the myriad purported pleading defects raised by defendant in its motion. *See generally* Pl.'s Resp. to Mot. Dismiss (doc. 19); *see also Justice v. Rockwell Collins, Inc.*, 117 F.Supp.3d 1119, 1134 (D. Or. 2015), *aff'd*, 720 Fed.Appx. 365 (9th Cir. 2017) ("if a party fails to counter an argument that the opposing party makes . . . the court may treat that argument as conceded") (citation and internal quotations and brackets omitted).

Turning to the substance of the complaint, "a plaintiff alleging that an employer engaged in discriminatory conduct adversely affecting plaintiff's employment must establish a *prima facie* case[1] by demonstrating that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hittle v. Stockton, Cal.*, 101 F.4th 1000, 1011-12 (9th Cir. 2024), *cert. denied*, 145 S.Ct. 759 (2025) (Title VII); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1281 (9th Cir. 2000) (ADEA). Furthermore, to prevail on a disparate treatment claim under the ADEA, a plaintiff must prove age was the "but for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009); *but see Hittle*, 101 F.4th at 1012 ("[u]nder Title VII, the plaintiff need only demonstrate that race, color, religion, sex, or national origin was a motivating factor for any employment practice") (citation and internal quotations and brackets omitted).

In sum, the plaintiff must allege sufficient facts from which a reasonable inference could be drawn that race, religion, age, gender, and/or national origin played a role in the adverse employment action to plausibly state a claim in this context. As discussed below, the complaint in this case is simply devoid of any specific facts that link plaintiff's termination to a protected

---

[1] To be sure, the "prima facie case [requirement] under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Although "a plaintiff is not required to plead a prima facie case of discrimination or retaliation in order to survive a motion to dismiss . . . courts still look to the elements of the prima facie case to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Cloud v. Brennan*, 436 F.Supp.3d 1290, 1300-01 (N.D. Cal. 2020) (citations and internal quotations omitted). In other words, the elements for establishing a prima facie case may be a "useful tool" in determining whether a complaint satisfies Rule 8's pleading standards. *Hamm v. Nielsen*, 2019 WL 6499209, *8 (C.D. Cal. July 30, 2019) (citations and internal quotations omitted).

characteristic. *Cf. Mayes v. Kaiser Found. Hosps.*, 917 F.Supp.2d 1074, 1079-80 (E.D. Cal. 2013) (the plaintiff failed to state a discrimination claim where, "although [he] describes some of the events leading to his termination, he provides no meaningful detail suggesting the termination was because of his race or sex"); *see also Maeve v. Centennial Sch. Dist. No. 28J*, 2025 WL 458826, *21 (D. Or. Feb. 11, 2025) (dismissing a gender discrimination claim where the plaintiff neglected "to allege facts that support a plausible inference that the protected characteristic of sex was a motivating factor for the employment decision").

Notably, the complaint does not include facts intimating that plaintiff was qualified for his job or performing it adequately. In fact, plaintiff's pleadings suggest the opposite: a cardiologist resolved he was "not trained enough to work at [his] job," two employees made complaints against him, and a third-party reported that plaintiff engaged in HIPAA violations to defendant. Am. Compl. pg. 5 (doc. 3); *see also Ashcroft*, 556 U.S. at 680-82 (an allegation is not plausible where there is an "obvious alternative explanation" for the alleged wrongful conduct) (citation and internal quotations omitted).

Likewise, plaintiff does not plead any facts suggesting that defendant treated similarly situated employees outside the protected class more favorably. The complaint does not provide the age, race, religion, gender, or national origin of Aaron, Hazmik, the unnamed cardiologist who determined plaintiff was not qualified, or the unnamed employee who filed a complaint against him (although plaintiff does use "she" and "he" pronouns to refer to Hazmik and Aaron, respectively). *See Boltz v. PeaceHealth*, 2025 WL 552582, *3-4 (D. Or. Feb. 19, 2025) (granting the defendant's Rule 12(b)(6) motion where the plaintiff failed to allege facts evincing that at least one similarly situated individual outside of her protected class was treated more favorably); *Niemeyer v. NW Permanente*, 2024 WL 4693894, *5 (D. Or. Nov. 6, 2024) (same); *see also*

*Swierkiewicz*, 534 U.S. at 514 (a complaint gives fair notice under Rule 8 of an ADEA and Title VII claim when it "detail[s] the events leading to [the plaintiff's] termination, provide[s] relevant dates, and include[s] the ages and nationalities of at least some of the relevant persons involved").

While Rose is identified as a British female, there is no other information about her protected characteristics (if any), and as a senior manager, she is not similarly situated and there is no allegation of similar misconduct.[2] *Id.*; *see also Karthauser v. Columbia 9-1-1 Commc'ns Dist.*, 647 F.Supp.3d 992, 1008 (D. Or. 2022) (comparators must "have similar jobs and display similar conduct" to establish the fourth prima facie element for a claim under Title VII) (citation and internal quotations omitted); *Jones v. Denver Post Corp.*, 203 F.3d 748, 753 (10th Cir. 2000), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) (an employee is not similarly situated to that employee's manager). Moreover, Hazmik is a student, and neither Hazmik nor Aaron are alleged to have engaged in similar misconduct. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 2002) (any purported comparators must "have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it").

Plaintiff's retaliation claim also fails at the pleading level. To state a prima facie retaliation case under Title VII or the ADEA, "a plaintiff must show that (1) she engaged in a protected

---

[2] Although not dispositive, the Court notes that, where "the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a relatively short period of time, a strong inference arises that there was no discriminatory action." *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1096 (9th Cir. 2005) (citation and internal quotations omitted); *see also Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996) (employer's initial willingness to hire the discrimination plaintiff is strong evidence the employer is not biased against that protected class). Plaintiff does not precisely define the timeline of his hiring and termination but the complaint suggests Rose may have been responsible for both decisions.

activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her protected activity and the adverse employment action." *Karthauser*, 647 F.Supp.3d at 1012. As to the third element, the Supreme Court has held that a plaintiff must establish "her protected conduct was a but-for cause of the alleged adverse action by the employer." *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)). Here, the only protected activity plaintiff identifies is filing a charge with the Equal Employment Opportunity Commission contesting his termination.[3] Am. Compl. pg. 5 (doc. 3); *see also* Pl.'s Resp. to Mot. Dismiss 2 (doc. 19) (alleged HIPPA violation was "reported to the Oregon Board of Medical Imaging . . . after Plaintiff filed a charge of discrimination with the EEOC"). These allegations are therefore inadequate to state a claim – namely, because the protected activity occurred after the adverse employment action. In other words, the lack of a causal connection is fatal to plaintiff's retaliation claims. *See, e.g.*, *Boltz*, 2025 WL 552582 at *6.

### RECOMMENDATION

For the reasons stated herein, defendant's Motion to Dismiss (doc. 17) should be granted. Any motion to amend the complaint must be filed within 30 days of the District Judge's order.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have

---

[3] Plaintiff also alleges: "Everything was done in a way that I had no difficulty understanding the actual motive, which I reported to HR." Am. Compl. pg. 5 (doc. 3). But the complaint does not specify what was actually communicated to HR, whether the decision-maker was privy to that information, and the overall timeline of events.

fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 4th day of August, 2025.


_____
/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge