IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MUHAMMAD ASHRAF**,<br><br>    Plaintiff,<br><br>    v.<br><br>**PROVIDENCE NEWBERG MEDICAL CENTER**,<br><br>    Defendant. | Case No. 3:24-cv-02166-JR<br><br>**ORDER ADOPTING F&R** |

Muhammad Ashraf, South Jordan, UT 84009. Pro se.

Lisa P. Shevlin and Colleen O. Muñoz, Littler Mendelson, P.C., 1300 SW Fifth Avenue, Suite 2050, Portland, OR 97201. Attorneys for Defendant.

**IMMERGUT, District Judge.**

    Magistrate Judge Russo has issued a Findings & Recommendation ("F&R"), ECF 22, recommending that Defendant's Motion to Dismiss, ECF 17, be granted and that Plaintiff's Amended Complaint be dismissed with leave to amend. This Court has reviewed de novo the portions of the F&R to which Plaintiff objected. For the following reasons, the Court ADOPTS Magistrate Judge Russo's F&R.

PAGE 1 – ORDER

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Plaintiff's Objections state that it is not clear "what is against legal standards in the complaint." ECF 24 at 1. As the F&R explains, however, the problem with Plaintiff's Complaint is not what is in it, but what isn't. *See* ECF 22 at 5–6. Although Plaintiff's Objections explain that he "intended to state that he was fully qualified for his job and performing it adequately," that he was "subject to disparate treatment by management" because of his national origin and other protected characteristics, and that management favored other similarly situated staff who did not share these characteristics, ECF 24 at 2–3, none of that is in his Complaint. As the F&R explains, he "cannot introduce new facts via his briefing and instead must include any relevant facts in the complaint itself." F&R, ECF 22 at 4. Similarly, the factual allegations in his Amended Complaint contain few of the details about the HR complaint that he includes in his Objections. *See* Objections, ECF 24 at 3–4. If Plaintiff chooses to seek leave to amend, he should provide more factual detail to support his allegations.

PAGE 2 – ORDER

Defendant also points out that several of the citations in Plaintiff's Objections are inaccurate. Plaintiff cites *Ali v. L.A. Focus Publications*, 112 F. App'x 521 (9th Cir. 2004), for the proposition that the allegations in his Complaint are sufficient to survive dismissal. The reporter citation is to a criminal appeal from the Seventh Circuit, *United States v. Gomez-Vieyra*, 112 F. App'x 521 (7th Cir. 2004). *Ali v. L.A. Focus Publications*, 5 Cal. Rptr. 3d 791 (Ct. App. 2002), is a California state court case discussing the standard for politically motivated retaliation claims under California law. Neither is relevant to this case.

Plaintiff also notes that "courts have discretion to consider clarifying facts in opposition briefs when they elaborate on the claims and do not contradict the pleadings." Objections, ECF 24 at 4. While this is an accurate statement of the law, *see Pegram v. Herdrich*, 530 U.S. 211, 230 & n.10 (2000), Plaintiff's Objections cite *Smith v. Jackson County*, 2023 WL 1778664 (D. Or. 2023), which does not appear to exist.

This Court reminds Plaintiff that he is responsible for ensuring that all citations in his briefing is accurate. While this Court will not impose sanctions at this time, submitting false citations is sanctionable conduct, and any further filings that contain similar citations would provide a basis for sanctions.

Plaintiff may find it helpful to familiarize himself with the District of Oregon's resources for litigants without lawyers, which includes a "Handbook for Self-Represented Parties." *Representing Yourself*, U.S. Dist. Ct., https://ord.uscourts.gov/index.php/representing-yourself (last updated Nov. 21, 2024). He may also consult a manual prepared by the Federal Bar Association, *Representing Yourself in Federal District Court: A Handbook for Pro Se Litigants* (2019), available at https://www.fedbar.org/for-the-public/. If he chooses to seek to file an amended complaint, that complaint should set out, in numbered paragraphs, all relevant facts,

including all of the relevant events leading up to his termination, the dates on which each event occurred, and the people involved in each event.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Russo's F&R to which Plaintiff objected. Judge Russo's F&R, ECF 22, is adopted in full. This Court GRANTS Defendant's Motion to Dismiss, ECF 17, and DISMISSES Plaintiff's Complaint.

**IT IS SO ORDERED**.

DATED this 28th day of August, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 4 – ORDER